## Judges' Retirement.

*Judges—Retirement—Term of service—Act of June 12, 1919.*

Under the Act of June 12, 1919, P. L. 461, which provides for the retirement on half salary of judges "who shall have served in judicial office for twenty years or more immediately prior to the date" of resignation or retirement, it is not necessary that the prescribed twenty years' service shall have been continuous immediately prior to retirement.

Department of Justice. Opinion to Hon. Edward Martin, Auditor General.

CAMPBELL, 1st Dep. Att'y-Gen., Jan. 25, 1926.—This department has your request for an opinion as to whether or not the term of service required of a judge to entitle him to the provisions of section 2 of the Judges' Retirement Act of June 12, 1919, P. L. 461, must be twenty years' continuous service immediately prior to retirement.

The inquiry is prompted by the following facts: In his petition for the benefits of this Retirement Act, at the expiration of his term of service and not because of disability, a judge of the Court of Common Pleas states that he has served in that capacity for more than twenty years, only ten years of which service was continuous and immediately prior to retirement. The balance was served prior thereto, with an intermission of a number of years, during which he did not hold a commission.

Section 2 of the said Act of 1919 provides, *inter alia*, as follows: "Any judge of the . . . Common Pleas . . . Court who shall have served in judicial office for twenty (20) years or more *immediately prior to the date of* his resignation or retirement may resign or retire," and, under certain conditions, be entitled to one-half salary as specified.

This act was preceded by the Act of May 11, 1901, P. L. 165, as amended by Act of June 23, 1911, P. L. 1121, and as further amended by Act of June 5, 1917, P. L. 333, all of which deal with the same subject-matter and all of which have been repealed by the Act of 1919.

The Act of 1901, which established the Judicial Retirement System, was limited to retirement for disability, and, therefore, required no particular term of prior service as a condition for retirement under the act.

By the Act of 1911, the Retirement System was extended so as to provide: (1) That judges who had so retired for disability and had served a certain length of time prior to resignation could receive additional compensation; and (2) that its provisions be extended to certain judges who retire for other reasons than because of disability.

With reference to No. 1, the wording is (a) any Common Pleas or Orphans' Court judge so resigning who shall have "*served continuously* in judicial office for twenty-five (25) years or more *immediately prior* to the date of resigna-

tion" and shall have reached a certain age; *(b)* any Supreme and Superior Court judge so resigning who shall have served *continuously* in judicial office for twenty years or more *immediately prior* to the date of resignation.

With reference to No. 2, the wording of the statute is "any judge of the Supreme or Superior Court who shall have served *continuously* in judicial office for twenty (20) years or more and any judge of the Common Pleas or Orphans' Court . . . who shall have reached the age of seventy (70) years, and who shall have served *continuously* in judicial office for twenty-five (25) years or more," etc.

The aforesaid Act of 1917, which amends the said Act of 1901, as amended in 1911, with reference to that portion designated under (1*a*) above, continued the provision requiring *continuous* service *immediately prior* to resignation; with reference to the portion designated under (1*b*) above, it eliminated both the word "continuously" and the words "immediately prior," so that all it required was twenty years or more of service in judicial office at the date of resignation.

With reference to the portion considered under (2) above, this Act of 1917 eliminated the word "continuously" with reference to the service of Supreme or Superior Court judges and left the provision with respect to the judges of Common Pleas or Orphans' Court as it was, except that the number of years' service required was reduced from twenty-five to twenty.

It thus appears that immediately preceding the approval of the Act of 1919 the statutory requirements, so far as continuity of service and its time with reference to the date of retirement are concerned, were as follows:

Common Pleas or Orphans' Court judges who resign because of disability and who desire to take advantage of the provision for one-half of salary for the remainder of life shall have served continuously for twenty years immediately prior to the date of resignation; Supreme or Superior Court judges so resigning, who desire to take advantage of the provision for one-half pay during the remainder of life, shall have served twenty years or more without any requirement that such service shall have been continuous or that it shall have been immediately prior to resignation.

As to judges who wish to retire for other reasons than for disability, and to take advantage of the Retirement Act, such requirements of the statute were as follows: Any judge of the Supreme or Superior Court shall have served in judicial office for twenty years without provision that such service shall have been continuous or immediately prior to retirement; any judge of the Common Pleas or Orphans' Court must have served continuously for twenty years without provision that such service shall have been immediately prior to retirement.

By reference to section 2 of the Act of June 12, 1919, P. L. 461, it will appear that in that section the term "continuous" was omitted and that the requirement is a service of twenty years immediately prior to the date of resignation or retirement.

It thus appears that the requirement that such service should be continuous was intentionally eliminated and that the words "immediately prior" to resignation or retirement do not mean that the entire twenty years shall have been immediately prior.

It is also to be noticed that in section 3 of the Act of 1919, neither the word "continuous" nor the words "immediately prior" are used. This section provides that those judges who had theretofore retired by expiration of term or resignation or otherwise and who had served in judicial office for twenty years or more should be entitled to the benefits of the act.

You are, therefore, advised that it is not necessary that the prescribed twenty years' service shall have been continuous in order that a judge of the Supreme or Superior Court or of the Common Pleas or Orphans' Court shall be entitled to the benefits of the Judges' Retirement Act of 1919.

From C. P. Addams, Harrisburg, Pa.